**In re FARM–RITE, INC., Debtor.**

**BALCOM TECHNOLOGIES, INC., Appellant,**

v.

**Jean and Roger LAMOUREUX, Appellees.**

**No. CIV–87–1457E.**

**Bankruptcy No. 11607C.**

United States District Court, W.D. New York.

Aug. 22, 1988.

David D. MacKnight, Rochester, N.Y., for appellant.

Richard O. Robinson, Buffalo, N.Y., for appellees.

MEMORANDUM and ORDER

ELFVIN, District Judge.

In this appeal from an Order of the Bankruptcy Court filed September 4, 1987 the decision to deny the trustee's motion to disallow the claim of a particular creditor is challenged. It is argued by the appellant Balcom Technologies, Inc. ("Balcom") that the Bankruptcy Court should not have allowed the claim against the debtor without first resolving the dispute between Balcom and the creditor.

The Lamoureuxs were the sole share-owners of the debtor, Farm–Rite, Inc. ("Farm–Rite"). They sold their interest in Farm–Rite to Balcom for a certain amount

---

1. The filing of this proceeding antedated the effective date of the Act—November 26, 1986— by more than two years.

of cash plus notes secured by mortgages on Farm–Rite's property. The debtor received no consideration in return, and so as between the debtor's other creditors and the Lamoureuxs, the claims of the Lamoureuxs were subordinated per the Bankruptcy Court's Order filed February 3, 1987. This Order has not been appealed. At that time the Bankruptcy Court reserved decision on that part of the trustee's motion that sought to disallow the Lamoureuxs' claim. After Farm–Rite's assets were liquidated and the other creditors satisfied, a substantial amount of money remained. The Lamoureuxs then moved for a decision on that part of the trustee's motion that had been reserved. A hearing was held according to the uncontroverted facts related in the appellant's Brief on Appeal, but no official transcript or detailed account of that proceeding has been supplied in the record on appeal. Thereafter, the decision to deny the trustee's motion and to allow the claims was rendered.

Balcom complains that the sale of the Farm–Rite shares was fraudulently induced, and that the Bankruptcy Court had an obligation to resolve the fraud and misrepresentation claims by Balcom against the Lamoureuxs when it ruled on the merits of the Lamoureuxs' claim against the assets of the debtor. It cites in support 28 U.S.C. §§ 1334(a) & 1334(d), 11 U.S.C. § 502(b) and Bankruptcy Rules 3007 and 9014.

Notwithstanding the original and exclusive jurisdiction of all cases arising under Title 11 conferred upon district courts by 28 U.S.C. § 1334(a),[1] such courts may, in the interests of justice or comity, abstain from hearing a particular proceeding arising under Title 11 or related to a case under Title 11. 28 U.S.C. § 1334(c)(1). On the record presented, Judge Creahan's reasons for declining to rule on the appellant's objection are not revealed. His letter dated July 22, 1987 addressed to the trustee and the attorneys for the Lamoureuxs and

for Balcom asserts the judge's refusal to arbitrate "disputes, the resolution of which are not necessary to the administration of the bankruptcy case." The objection raised by Balcom is founded on common law fraud and misrepresentation, and the trustee, who does not object to turning the money over to the Lamoureuxs, agrees that such a claim is better decided in a different forum. Iwanicki Reply to Motion for Reconsideration of Order of February 3, 1987 (filed August 24, 1987). Furthermore, Balcom and the Lamereuxs concur that the dispute between them "can be most expeditiously disposed of in the State Courts" because Balcom seeks to recoup more than the amount of the debtor's remaining assets. Letter of David D. MacKnight, Esq. to Judge Creahan dated July 27, 1987.

This conflicts with Balcom's present position that the Bankruptcy Court has exclusive jurisdiction to resolve the Balcom–Lamoureuxs dispute according to 28 U.S.C. §§ 1334(a) and 1334(d). In order for these subsections to apply, the dispute must be a "case under title 11". Such a "case" is that upon which all of the proceedings which follow the filing of a title 11 petition are predicated. 1 Collier on Bankruptcy § 3.01 at 3–20. Cases are to be distinguished from civil proceedings arising under title 11 or arising in or related to a case under title 11. Civil proceedings related to title 11 cases include suits between third parties which affect the administration of the title 11 case. *Id.*, at 3–25. Such proceedings are governed by subsection 1334(b) which confers original but non-exclusive jurisdiction upon the bankruptcy courts and by subsection 1334(c)(1) which expressly permits that court to abstain from hearing a particular proceeding in the interests of justice or comity. Resolution of Balcom's dispute with the Lamoureuxs would clearly constitute a proceeding and not a case. The Bankruptcy Court was therefore within its discretion to decline to

---

**1.** The section refers to the jurisdiction of the district courts. The United States District Court for the Western District of New York has however, pursuant to 28 U.S.C. § 157(a), provided that "any and all cases under Title 11 and any

and all proceedings arising under Title 11 or arising in or related to a case arising under Title 11 shall be referred to the bankruptcy judges for the district."

entertain it. This Court is aware of no other objections to the Lamoureuxs' claim. Therefore, it appears that it was properly allowed.

Accordingly, the Order of the Bankruptcy Court filed September 4, 1987 is hereby ORDERED affirmed.